## William M. Torrance, Appellant, v. Illinois Central Railroad Company, Appellee.

### Gen. No. 15,410.

VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly against its weight.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed November 28, 1910.

O. R. BARNETT and P. H. TRUMAN, for appellant.

CALHOUN, LYFORD & SHEEAN and V. W. FOSTER, for appellee; JOHN G. DRENNAN and E. W. RAWLINS, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action for alleged breach of a contract of employment between plaintiff, a civil engineer, and the defendant railroad company, the duration of which, plaintiff claims, was two years. After entering upon the employment the defendant, as plaintiff claims, in

violation of the terms of the contract and before its expiration by efflux of time, discharged him. For the time which plaintiff actually worked for defendant he was paid at the contract rate less $25, for which amount plaintiff on a trial before the court had judgment and now prosecutes this appeal because the judgment, he claims, should have been for $450.

The only question raised for our decision is whether the evidence establishes plaintiff's contention that the term of his contract of employment was for the period of two years. ·

Without reciting all the documents offered, but treating them all as in the record, regardless of the rulings of the trial judge touching their materiality, suffice it to say that taking them as a whole they fail to establish the employment of plaintiff for any definite time. The only reference in the correspondence to time is in the letter of Bainbridge to plaintiff of April 6, 1903, in which the writer says: "I am looking for a man to take charge of an important bridge during construction in the field, a job that will last two years." We think that what is intended by the words "a job that will last two years," taking the precedent reference, with which it must be read, it being in the same sentence, is, by interpretation, the time contemplated to be taken in constructing the bridge, and not the duration of the contemplated employment of plaintiff.

Plaintiff made a written application to defendant for employment, in which nothing was said about the duration of the employment. If this application was accepted it constituted the contract. If, as plaintiff contends, it was not accepted and the contract was by correspondence between Bamberg and plaintiff, confirmed by Parkhurst, defendant's engineer of bridges and buildings, that correspondence does not make a contract.

The judgment of the Superior Court being without error is affirmed.

*Affirmed.*