ALLEN W. GREGORY, Respondent, v. MUTUAL CONSTRUCTION CORPORATION, Appellant.

Third Department, June 18, 1954.

*William Levin* for appellant.

*Segal, Dorsman, Soffer & Segal* for respondent.

*Per Curiam.* This is an appeal from an order of the Supreme Court at Special Term for Albany County, which denied a motion of the defendant pursuant to rule 112 of the Rules of Civil Practice for judgment on the pleadings and a dismissal of the complaint; and further denying a motion of the defendant for an order pursuant to rule 113 of the Rules of Civil Practice dismissing the complaint and directing judgment in favor of the defendant.

The motion with respect to rule 112 was based, of course, entirely upon the pleadings. The plaintiff's complaint purports to plead a cause of action for the breach of a contract. The alleged offer, which plaintiff says ripened into a contract by his acceptance, is a letter, copy of which is annexed to the complaint. It reads as follows:

" Mr. ALLEN W. GREGORY
334 Hamilton St.
Albany, NY

Dear AL:

We are now ready to start brickwork on the State Teachers College Project in Potsdam, N. Y.

The scale is $2.75 per hour plus $4.00 a day travel time with 2-hours a day guaranteed. Brickwork will be on a 6-day a week basis.

There is approximately a years work here including inside work this winter. In addition to this project, we are also constructing the Physical Education Bldg. No. 12 which will also be ready for brickwork within a short time. There will soon be two (2) additional building coming out on the same project site, which will entail additional work.

Housing facilities are ample in this section. We would appreciate having you in our crew and you can report for work at the job site as soon as you are able.

Very truly yours,

MUTUAL CONSTRUCTION Co.
/s/ K. B. REYNOLDS
KEMP REYNOLDS
Mason Supt.''

The Special Term denied the motion for a dismissal of the complaint under rule 112 because it said '' The agreement of employment is not free from ambiguity and thus requires extrinsic parol evidence to clarify the intent of the parties.'' In making this ruling the Special Term relied upon the case of *Breakey* v. *Lake Placid Co.* (271 App. Div. 586). In that case there were two letters which the court held might be construed as evidencing a definite period of employment for an entire year. The reading of the record on appeal in that case reveals the fact that the employer stated it needed a person who would be in residence the entire year, and hence there was some basis for the court's conclusion that at least there was an issue of fact as to whether or not there was an employment contract for an entire year.

In our view the case cited is not an authority decisive of the issue presented in this case. So far as time is concerned all the employer said in this case was '' There is approximately a years work here including inside work this winter.'' This was in no sense an offer to employ the plaintiff for the full period of one year. The language of the letter can only be fairly construed as offering a general or indefinite hiring at will (*Torrance* v. *Illinois Central R. R. Co.*, 159 Ill. App. 40). It is a general rule in this State that unless there is a definite period of service specified in a contract the hiring is at will and the master has the right to discharge and the servant to leave at any time (*Watson* v. *Gugino*, 204 N. Y. 535). In the present case the plaintiff after working for less than a year was discharged.

In view of the foregoing we think the motion for a dismissal of the complaint pursuant to rule 112 should have been granted. It becomes unnecessary, therefore, to consider the issues raised with respect to the application of rule 113 of the Rules of Civil Practice. The order should be reversed, with $10 costs and defendant's motion for a dismissal of the complaint under rule 112 granted with costs. That part of defendant's appeal from the order denying its application for judgment pursuant to rule 113 should be dismissed, without costs.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Order reversed, on the law and facts, with $10 costs and defendant's motion for a dismissal of the complaint under rule 112 granted, with $10 costs. That part of defendant's appeal from the order denying its application for judgment pursuant to rule 113 is dismissed, without costs.