Joseph A. Gavagan, J.
Defendant moves for dismissal of the complaint pursuant to rule 107 of the Rules of Civil Practice upon the ground that the contract in suit is unenforcible under the provisions of the Statute of Frauds.
The merit of the litigation is not now to be considered nor will the court undertake to characterize the action from any standpoint of rightful claim or motive, whether patent or hidden. Actually there is no dispute that the oral contract provides a lifetime employment except, says plaintiff, she was granted a unilateral option to cancel within a year. That, she says, rendered the contract capable of full performance within a year and before the end of a lifetime.
The law is established and still adhered to that bilateral options to cancel will, according to the facts and circumstances thereof, control in determining the applicability of the Statute of Frauds. Plaintiff argues that a unilateral option is of like legal effect.
A similar situation arose in Raymond Spector Co. v. Serutan Co. (60 N. Y. S. 2d 212, affd. 270 App. Div. 993) where, at Special Term, the court stated (p. 213), with respect to contracts providing respectively for bilateral and unilateral options to terminate, that it was bound by the rule laid down in Blake v. Voight (134 N. Y. 69) and further: “ I see no legal distinction between the two situations, so far as the operation of the Statute of Frauds is concerned. * * * Nevertheless it is the rule laid down more than half a century ago, by the highest court of this state; it has never been questioned or modified by that tribunal and has always been regarded as binding authority ’
*659 The court there went on to say, in addition: 1 ‘ Perhaps it should be reconsidered but that is not the province of this court. That is for the Court of Appeals or for the Legislature.”
However, in Harris v. Home Ind. Co. (6 A D 2d 861) the matter was again before the court and it there said: “ The rule in Blake v. Voight (134 N. Y. 69) should not be extended to make enforcible an oral agreement for permanent employment, where the right to cancel or terminate is limited unilaterally to plaintiff. For in such cases defendant’s liability endures indefinitely, subject only to the uncontrolled voluntary act of the party who seeks to hold defendant. Under such circumstances it is illusory, from the point of view of defendant, to consider the contract terminable or performable icithin one year.” (Emphasis added.)
The court went on to say: “In so holding it is recognized that the authorities and the rationale there developed have rarely, if ever, been concerned with the precise application now presented.”
In so stating the court cited the Spector case (supra) and it must thereby be understood that the Appellate Division was now ready to reconsider and did so. It may be noted also that in the Spector case an application was made for leave to appeal and it was denied (270 App. Div. 1014). It does not appear that the matter was pursued further.
We are left, therefore, with a lifetime contract which plaintiff says is saved from the application of the Statute of Frauds and which, in the Harris case, the court said was not.
It is in order to observe, in addition, that by the device of claimed unilateral option to cancel the plaintiff has, in the circumstances here, taken the fat out of the pan and into the fire. The kind of servitude envisaged by such lifetime employment, which for the purpose of this motion alone must be accepted, is not alone abhorrent to law and a claim thereon wholly barred, but it enjoys in addition universal condemnation upon every standard of behavior. To reduce the servitude in point of time, as plaintiff endeavors to do, is to suggest a trial arrangement which, if anything, is even more abhorrent in morals and law and just as quickly to be condemned. It is to the substance and not to the words that the courts must and do look. It is sufficient now that regardless of what is only thinly latent and of what plaintiff is willing to aver as truth, the pleading sets forth a claim that is barred.
The motion is granted and the complaint is dismissed.