Vincent A. Lupiano, J.
The defendant moves for an order striking out the supplemental reply to the affirmative defense and for summary judgment dismissing the first cause of action upon the ground that the contract, the basis of that cause of action, is unenforcible under the Statute of Frauds. Plaintiff had been engaged as vice-president of the defendant corporation in charge of sales. In the first cause of action he alleges that the term of the employment was fixed as an aggregate period of four years. In his bill of particulars it is declared that at the time of the making of the oral agreement of employment as to the duties to be performed and the compensation to be paid, it was simultaneously agreed that plaintiff’s tenure as sales manager was to continue for a period of one year and that if plaintiff performed his duties properly he would have the privilege of renewing the contract upon the same terms for an additional period of one year and the same privilege of annual renewals for a third and fourth year and, further, that if plaintiff did not perform his duties properly the defendant would have the privilege of terminating the contract at the end of any one year. It is further declared that the oral agreement thus relied on is evidenced by written memoranda, Exhibits A to E, inclusive, attached to the bill of particulars. In Exhibit A reference is made to the plaintiff as one of the founders of the defendant and to whom an original issue of stock was to be delivered, of which 80% was to be placed in escrow to be released to plaintiff and other founders at the rate of 20% each year. If any of the founders, including the plaintiff, left the company, it was agreed that the escrowed stock be sold to the company at the then book value. Such stock was issued to the plaintiff and 80% thereof was placed in escrow pursuant to Exhibit E, which provided as to this plaintiff that 1,000 shares of the escrowed stock be redelivered to the plaintiff on February 1, 1959, and an additional 1,000 shares on February 1, 1960, February 1, 1961, and February 1, 1962. The escrow agreement is dated February 1, 1958. It further provided that in the event plaintiff “ceased to be associated with the company at any time between February 1, 1958 and *755 February 1, 1962 ’ ’ the stock was to be resold to the company at a price equal to the aggregate book value less the aggregate par value at the time of separation from the company.
In his answering affidavit plaintiff insists that Exhibit E was the result of discussion and agreement as to the duration of plaintiff’s association with the defendant. It was agreed, he says, “ that if I performed my duties properly I should have the option to renew my agreement with the defendant at the end of each first, second and third years for an additional period of one year and that if I did not perform my duties properly, the defendant would have the option to refuse to renew my agreement at the beginning of those years.”
Thus, by his complaint plaintiff alleges he was employed for “ an aggregate period of four years” and by his bill of particulars that he was employed for a period of one year with the option in him at the end of the first, second and third years to extend the employment for a second, third and fourth year if, in each instance, during the first, second and third years he had performed the duties of his employment. Obviously, upon a year’s employment he could not be discharged with impunity, that is, unless for cause. That he could be discharged at the end of each year for failure to perform adds nothing of novelty or of legal effect. Exhibits A to E on which plaintiff relies as the writings evidencing the agreement, and particularly the term of duration, as they are submitted contain no signature by the party to be charged. Assuming, however, that one or more of such documents was signed by the defendant (Crabtree v. Elizabeth Arden Sales Corp., 305 N. Y. 48), the exhibits are of no aid for they do not supply the evidence of a fixed term as claimed in the complaint or bill of particulars. Those exhibits do no more than establish plaintiff’s association with the defendant and that the completion of the stock purchase agreement will be accomplished over a period of four years if plaintiff’s association continues for that period of time. It makes no reference to the asserted option in plaintiff. In any event, the terms to be discovered in the writings to enable plaintiff to recover on the merits of his first cause of action must accord with the allegation as contained in the complaint and bill of particulars. Even if the writings did so, plaintiff does not possess an enforcible claim.
An employment at plaintiff’s option is not an enforcible employment for a fixed term of any alleged duration for in such event plaintiff has the absolute power and choice to continue and no contingency is provided for the termination of defendant’s obligation unless for cause, which is destruction and not *756 performance and termination (Harris v. Home Ind. Co., 6 A D 2d 861). As there stated: “ The rule in Blake v. Voight (134 N. Y. 69) should not be extended to make enforceable an oral agreement for permanent employment, where the right to cancel or terminate is limited unilaterally to plaintiff. For in such cases defendant’s liability endures indefinitely, subject only to the uncontrolled voluntary act of the party who seeks to hold defendant. Under such circumstances it is illusory, from the point of view of defendant, to consider the contract terminable or performable- within one year. And it is to the party to be charged, alone, namely the defendant, that the statute is designed to provide protection from fraud and perjury. In so holding it is recognized that the authorities and the rationale there developed have rarely, if ever, been concerned with the precise application now presented”. So also an employment for life “ subject to the reserving to plaintiff of her option to terminate said contract within one year from date hereof ” in the absence of bilateral options to terminate has been held incapable of withstanding a defense of Statute of Frauds (Supplee v. Hallanan, 14 Misc 2d 658). An option in the defendant to terminate “if plaintiff did not perform his duties properly ” is not such a bilateral option. That does not serve to advance the period of fulfillment (Schiwerin Air Conditioning Corp. v. Servel, 132 N. Y. S. 2d 372, affd. 283 App. Div. 770; One Television v. One Fifth Ave. Operating Corp., 206 Misc 1090, affd. 1 A D 2d 819).
The documents relied on by plaintiff refer to the corporate by-laws and they provide that the officers shall hold office at the pleasure of the board of directors. Plaintiff was the vice-president in charge of sales. Some of the documents came into being before the alleged agreement was made. Even if the writings were made with the intent to authenticate the information therein contained (Crabtree v. Elizabeth Arden Sales Corp., supra), they would be of no aid for the information thus authenticated does not create any employment agreement with a fixed term and does not spell out the alleged enforcible agreement. Since the period of employment is essential, the doctrine of the Crabtree case is inapplicable and oral proof of the term for which plaintiff contends, even if admissible, would produce an unenforcible agreement. On the other hand, the writings are incapable of evidencing the alleged agreement by necessary implication or by construction (Marks v. Cowdin, 226 N. Y. 138). At most, they do no more in connection with the employment than to indicate the existence of a contractual relation between the parties or a possibility that the association may *757 produce a working relationship for as long as four years but under circumstances rendering the association actually one at will. This is not enough to create an enforcible obligation (Gregory v. Mutual Constr. Corp., 284 App. Div. 198).
Plaintiff argues that his agreement is supported by overwhelming authority and cites only one New York authority upon the principle here involved. The suggestion is made that there is a distinction between an option to renew and an option to terminate. If either of such options is in plaintiff alone, the result is the same and if the agreement is oral and no existing writing evidences the agreement, it is unenforcible. Ward v. Hasbrouck (169 N. Y. 407) is not to the contrary. On the other hand, if the option is bilateral or in the defendant, the agreement is performable within a year regardless of whether the option is to renew or to terminate (Blake v. Voight, 134 N. Y. 69; Spector v. Serutan Co., 60 N. Y. S. 2d 212, affd. 270 App. Div. 993).
It is thus clear beyond doubt that plaintiff shows no merit to his claim that he possessed an enforcible employment agreement. The motion is granted. Settle order.