VICTOR SACK, Respondent, *v.* IRENE BEASLEY, Appellant.

First Department, June 9, 1953.

*Harold M. Edwards* for appellant.

*Walter Pick* of counsel (*Pick & Henry*, attorneys), for respondent.

*Per Curiam.* Plaintiff instituted this action upon an alleged oral agreement whereby he was to receive a commission equivalent to one third of the profit for selling defendant's radio programs to sponsors.

The agreement was made in 1946. Since that time, and while plaintiff was in defendant's employ as a director he was paid a weekly sum which amounted to approximately one third of the profit realized on a radio program sold to a sponsor. In addition thereto, plaintiff during the period of his employ, by virtue of written contracts, also received substantial compensation for services as director and general assistant in defendant's office. No mention was made of any commission agreement in any of these written contracts of employment. However, defendant continued to pay weekly commissions to plaintiff up to the week ending September 30, 1950. At about that time, plaintiff left defendant's employ and no further payments of any kind were made to him. To recover weekly commissions for the three weeks ending October 6, 13 and 20, 1950, plaintiff instituted this action. He secured a judgment for the amount claimed in the Municipal Court, which judgment has been affirmed by the Appellate Term. Defendant appeals pursuant to leave granted by this court.

Plaintiff contended that he was entitled to the claimed commissions " for selling the show " and that it is the custom in the radio business to pay commission " For as long as the show is on the air for that particular sponsor ".

At the time the alleged oral arrangement for the payment of commissions was made no program had been sold by plaintiff; it was only later that the program called " Grand Slam "

found a purchaser. The terms of the eventual contract with respect to " Grand Slam " which was entered into with Continental Baking Company, as sponsor, were that it was to run for a period of 255 weeks with the right to the sponsor to cancel at the end of 21 weeks and at the expiration of any 13 additional weeks thereafter. Broadcasting of " Grand Slam " began on September 30, 1946, and has continued on the air ever since. However, it is to be noted that the terms of this contract with respect to " Grand Slam " were not within the contemplation of the parties at the time the alleged agreement was made.

Accepting plaintiff's testimony as true, he proved an oral agreement with defendant to pay a continual weekly commission on programs created by and belonging to defendant which he sold. " Grand Slam " was only one of the several programs which plaintiff alleges he was engaged to sell. In each instance the commission was to be the same, and was to continue so long as the program remained on the air for the particular sponsor to whom it was to be sold. The oral employment contract sued upon was made before the sale to the sponsor of " Grand Slam "; it did not mention or contemplate any event which might cause performance to be completed within a year from the making thereof. The only basis for the length of time the commission was to be paid was a claimed custom in the radio industry that it was to continue " For so long as the show is on the air for that particular sponsor ". The contract when made was thus unlimited in time; at no place did it contain any event which might cause it to be terminated within the period of one year; and defendant's liability endured for a period beyond the year.

As by its terms it was not to be performed within one year from the making thereof, under settled principles of law this oral contract is barred by the Statute of Frauds. (Personal Property Law, § 31; *Martocci v. Greater New York Brewery, Inc.*, 301 N. Y. 57, 62; *Cohen v. Bartgis Bros. Co.*, 264 App. Div. 260, affd. 289 N. Y. 846; *Elsfelder v. Cournand*, 270 App. Div. 162; *O'Brien v. O'Neill*, 271 App. Div. 647, motion for leave to appeal denied 296 N. Y. 1059.)

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and plaintiff's complaint dismissed.

Peck, P. J., Glennon, Dore, Cohn and Breitel, JJ., concur.

Determination unanimously reversed, with costs to the appellant and judgment is directed to be entered in favor of the appellant dismissing the complaint herein, with costs. [See *post*, p. 759.]