ONE TELEVISION, INC., Plaintiff, *v.* ONE FIFTH AVENUE OPERATING CORP., Defendant.

Supreme Court, Trial Term, New York County, December 23, 1954.

*John F. Reddy, Jr.,* for plaintiff.

*Harry Rodwin* and *Bernard Katz* for defendant.

CORCORAN, J.  On July 20, 1950, the plaintiff's assignor and the defendant entered into a written contract under the terms of which the plaintiff's assignor was to install, maintain, operate and service a master antenna television system and television sets in the defendant's hotel.  The term of the agreement was for two and a half years, commencing November 1, 1950.

The plaintiff claims that there was an oral modification of that written agreement on January 16, 1952.  According to the plaintiff, this oral agreement made substantial changes in the original written contract, including an extension of its term for an additional two and a half years, commencing May 1, 1953, and ending October 31, 1955.

During the months of December, 1951, and January, 1952, the parties had been discussing, modifying and extending the written contract of July 20, 1950, but there never was a meeting of the minds on the essential terms of such modification.  The defendant's agent had insisted throughout the negotiations of December and January that the proposed modifying agreement was to be contingent upon the plaintiff's entering into somewhat similar contracts with two other hotels in which the defendant's agent had an interest.  The plaintiff would not consent to this

and the defendant's agent refused to enter into a modification contract affecting the defendant alone. He demanded that all three hotels be treated as part of one deal.

It appears clear from the evidence, moreover, that neither party intended to be bound to a modification agreement unless it was reduced to writing. The plaintiff's claim that the parties entered into an oral agreement and that the plaintiff's letter of January 24, 1952, merely confirmed it does not coincide with the evidence. Among the facts which lead me to that conclusion are: the provision in the letter of January 24, 1952, " The foregoing amendment to the agreement dated July 20, 1950, relating to Hotel One Fifth Avenue is accepted and the terms thereof agreed to " with a space for the signature of the defendant's agent; the involved nature of the contract; the fact that the original contract was in writing; and the wrangling between the parties as to whether other hotels managed by the defendant's agent would enter into similar contracts.

Even if the parties had intended to enter into an oral contract, the defendant would still be entitled to judgment because of the Statute of Frauds.

The alleged oral agreement of January 16, 1952, is for a period of more than one year and is unenforcible under the Statute of Frauds, unless it falls within one of the exceptions to the rule (Personal Property Law, § 31; *Martocci* v. *Greater New York Brewery,* 301 N. Y. 57; *Cohen* v. *Bartgis Bros. Co.,* 264 App. Div. 260, affd. 289 N. Y. 846; *Sack* v. *Beasley,* 282 App. Div. 153).

The plaintiff claims that this oral agreement does fall within the exception created by *Blake* v. *Voigt* (134 N. Y. 69), which held that an oral agreement for a term of more than one year was not within the Statute of Frauds if it contained an option to terminate, exercisable by either of the parties. The plaintiff says that, as part of the oral modification of January 16, 1952, the parties agreed that the following provision in the original written contract of July 20, 1950, was to remain in full force and effect: " 10. In the event of a *bona fide* sale of the hotel to a third party during the term of this agreement, you shall have the right to cancel this agreement upon thirty (30) days' written notice to us. In such event, all your right, title and interest in the R. C. A. Antenaplex System, together with all technical devices and other materials and supplies necessary in connection therewith, shall be revested in us, and we shall promptly thereafter remove the said System, related equipment and television sets, but shall not be required to remove the wiring installed in the walls of the hotel. In the event that this

agreement is cancelled in accordance with the terms of this paragraph 10, you agree to pay us the following, on account of the cost to us of installation of said R. C. A. Antenaplex System, including the technical devices, materials and supplies necessary in connection therewith, said cost to be demonstrated by our furnishing to you evidence of such cost to us in the form of receipted bills, etc.: ''

By this provision, argues the plaintiff, the defendant has the power to terminate the contract in one year by selling the hotel. It points out that the doctrine of *Blake* v. *Voigt* (*supra*), has been extended to a case where one, rather than both of the contracting parties had reserved the right of termination (*Spector Co.* v. *Serutan Co.*, 60 N. Y. S. 2d 212, affd. 270 App. Div. 993, motion for leave to appeal to the Court of Appeals denied, 270 App. Div. 1014).

The option to terminate in both *Blake* v. *Voigt* (*supra*) and *Spector Co.* v. *Serutan Co.* (*supra*) was simple and unqualified. Difficulties arise, however, when an attempt is made to apply the rule of these cases to situations where such option is conditional or qualified. The Circuit Court of Appeals, Second Circuit, for example, has applied the New York rule (see *Standard Bitulithic Co.* v. *Curran*, 256 F. 68), but has held that it is limited to options which '' could be invoked at the mere wish of the party, or whenever he was dissatisfied with performance '' (*Radio Corp. of Amer.* v. *Cable Radio Tube Corp.*, 66 F. 2d 778, 784). The Circuit Court refused to extend the New York rule to a situation where the option could be exercised only on the happening of conditions not wholly within the control of the party having the option. In my opinion, that case soundly applied the New York law.

The plaintiff contends that the defendant could exercise the option to terminate by selling its hotel, and that it therefore controlled the condition which gave it the right to end the contract within one year. I think that is rather an extreme argument. There is no absolute and unqualified control over the life of the contract. We would have to assume that a buyer of the hotel is available at the time when the defendant wishes to exercise the right of termination within the one-year period. The parties did not contemplate that if the defendant wanted to terminate its contract with the plaintiff that it sell the hotel. The language of the agreement makes that clear in paragraph 10: '' In the event of a *bona fide* sale of the hotel to a third party during the term of this agreement, you shall have the right to cancel this agreement ''.

In *Cohen* v. *Bartgis Bros. Co.* (*supra*), the court stated that a distinction must be made between performance which fulfills the contract and circumstances which defeat its purpose. The court referred to the liquidation of a business or the dissolution of a corporation or the death of a party and held that the possibility of such occurrences within a year did not take the case out of the Statute of Frauds. While the facts of the instant case are not precisely in that class, they are somewhat similar. The parties recognized that a sale of the hotel might defeat the purpose of the contract. There are several provisions in the contract which evidence this. There is, for example, a schedule of additional payments which the defendant would have to make in the event the sale of the hotel interfered with their arrangements. There is also provision for title to the Antenaplex System reverting to the plaintiff's assignor in the event of termination because of a sale of the hotel.

In the *Radio Corp. of Amer.* case (*supra*), the Circuit Court of Appeals observed at page 784: " The New York rule as to the effect of even an absolute option to cancel an oral contract which must be performed during a period greater than a year differs from the law of England and that of most of the states of the Union." A similar criticism was made by Justice Shientag in *Spector Co.* v. *Serutan Co.* (60 N. Y. S. 2d 212, *supra*).

We are, of course, constrained to follow the established rule in this State as laid down in *Blake* v. *Voigt* (134 N. Y. 69, *supra*), but I see no reason for extending it to the facts of the instant case.

Judgment is directed in favor of the defendant.