■ MELVILLE F. HARRIS, Appellant, v. HOME INDEMNITY COMPANY, Respondent, et al., Defendants.— Judgment and order granting defendant's motion to dismiss the first cause of action on the ground of the Statute of Frauds under rule 107 of the Rules of Civil Practice is affirmed, with costs to defendant-respondent. The rule in *Blake* v. *Voight* (134 N. Y. 69) should not be extended to make enforcible an oral agreement for permanent employment, where the right to cancel or terminate is limited unilaterally to plaintiff. For in such cases defendant's liability endures indefinitely, subject only to the uncontrolled voluntary act of the party who seeks to hold defendant. Under such circumstances it is illusory, from the point of view of defendant, to consider the contract terminable or performable within one year. And it is to the party to be charged, alone, namely the defendant, that the statute is designed to provide protection from fraud and perjury. In so holding it is recognized that the authorities and the rationale there developed have rarely, if ever, been concerned with the precise application now presented (2 Williston on Contracts [rev. ed.], § 498; 2 Corbin on Contracts, § 449; cf. 161 A. L. R. 290; but see, *contra, Spector Co.* v. *Serutan Co.*, 60 N. Y. S. 2d 212, affd. 270 App. Div. 993, motion for leave to appeal denied 270 App. Div. 1014; see, also, however, *Radio Corp.* v. *Cable Radio Tube Corp.*, 66 F. 2d 778, 784–785; *One Television* v. *One Fifth Ave. Operating Corp.*, 206 Misc. 1090, affd. 1 A D 2d 819). With respect to the condition of defendant's continuance in business, see *One Television* v. *One Fifth Ave. Operating Corp.* (*supra*); *Schwerin Air Conditioning Corp.* v. *Servel, Inc.* (132 N. Y. S. 2d 372, affd. 283 App. Div. 770, motion for leave to appeal denied 283 App. Div. 793, motion for leave to appeal denied 307 N. Y. 939), and *Radio Corp.* v. *Cable Radio Tube Corp.* (*supra*). Concur — Botein, P. J., Breitel, M. M. Frank, McNally and Bastow, JJ.

■ In the Matter of the Estate of NORTON W. MOODY, Deceased. MARIE M. MOODY, Individually and as Administratrix of the Estate of NORTON W. MOODY, Deceased, Appellant; CONNER, CHOPNICK & GARRELL, Respondent.— Order appealed from unanimously modified, with costs to the appellant, to the extent of directing a joint hearing in the Supreme Court for the fixation of the reasonable compensation to be awarded to the retiring attorney. It appears that the legal services provided by the retiring attorney for the estate and for the corporations are so coincidental as to render it difficult to ascertain any clear distinction. Moreover, while certain corporate legal services were performed, the corporations were wholly owned by the decedent and their assets are included in the estate. The Supreme Court has concurrent jurisdiction with the Surrogate's Court (*Matter of Matheson*, 265 N. Y. 81; *Noll* v. *Ruprecht*, 256 App. Div. 926, affd. 282 N. Y. 598). But in the absence of special circumstances or where the Surrogate has already acted, the Supreme Court has exercised its concurrent jurisdiction sparingly (*Crempa* v. *Oakley*, 9 Misc 2d 583). In this case, while the Surrogate has impressed a lien upon the assets of the estate in favor of the retiring attorney, no further action has been taken or requested before the Surrogate to fix compensation pursuant to section 475 of the Judiciary Law or section 231-a of the Surrogate's Court Act. Since the legal services rendered to the estate and to the corporations are so closely paralleled and since the Supreme Court has already ordered a hearing to determine the compensation to be awarded to the retiring attorney for his corporate legal services, there appear to be sufficient special circumstances for the Supreme Court to exercise concurrent jurisdiction. Orderly and expeditious procedure indicates that there should be a joint hearing. Settle order. Concur — Breitel, J. P., Valente, Stevens and Bergan, JJ.