■ ALANTHUS CORPORATION, Respondent, v TRAVELERS INSURANCE COMPANY, Appellant. — Order of the Supreme Court, New York County (Lane, J.), entered on November 16, 1982, which granted defendant's motion for reconsideration and, upon reconsideration, adhered to its original determination, is unanimously reversed, to the extent appealed from, on the law, and the complaint dismissed, without costs or disbursements. Appeal from the order of the Supreme Court, New York County (Lane, J.), entered on March 8, 1982, which granted defendant's motion for renewal and resubmission of its prior motion, and upon renewal and resubmission, denied the motion to dismiss the complaint, is unanimously dismissed as superseded by the appeal from the order entered November 16, 1982. Defendant-appellant Travelers Insurance Company, through a broker, allegedly advised plaintiff-respondent Alanthus Corporation that it desired to lease a particular computer for seven years on specified terms and conditions. According to plaintiff, in reliance upon defendant's representation, Alanthus obtained an equity commitment from an investor, a letter of credit from Marine Midland Bank and a loan commitment from Chemical Bank. The defendant then purportedly repudiated the transaction and refused to enter into the lease agreement with Alanthus, thus causing damages to plaintiff in the sum of $2,000,000. It is plaintiff's position that these facts sufficiently set forth a cause of action for fraud and deceit. Further, defendant is claimed to have slandered Alanthus by falsely stating in the business community that plaintiff was unable to perform its duties under the proposed lease arrangement. Plaintiff contends that this assertion is adequate to permit discovery in order to ascertain the precise defamatory language used by defendant. Defendant moved to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 and for lack of the particularity required by CPLR 3013 and 3016 (subds [a], [b]), which motion was denied by Special Term. In *Channel Master Corp. v Aluminium Ltd. Sales* (4 NY2d 403, 406-407), the Court of Appeals held that: "To maintain an action based on fraudulent representations, whether it be for the rescission of a contract or, as here, in tort for damages, it is sufficient to show that the defendant knowingly uttered a falsehood intending to deprive the plaintiff of a benefit and that the

plaintiff was thereby deceived and damaged * * * Accordingly, one 'who fraudulently makes a misrepresentation of * * * intention * * * for the purpose of inducing another to act or refrain from action in reliance thereon in a business transaction' is liable for the harm caused by the other's justifiable reliance upon the misrepresentation." That case involved representations by the defendant that it had enough uncommitted supplies and productive capacity of aluminum ingots to furnish plaintiff with 400,000 pounds a month for a period of five years, and that it had no binding agreements which could interfere with this supply. In reality, plaintiff contended the defendant had prior contracts with other customers and that defendant intended to sell to plaintiff only such aluminum as might become available should those other customers forego the amount promised to them. The instant matter, in contrast, presents a situation wherein the sole representation alleged in the complaint is a desire to lease, which is nothing more than a future expectation. In *Dung v Parker* (52 NY 494) the defendant falsely claimed that he had authority to act as the agent of another and, in his assumed capacity, entered into a parol agreement with plaintiff for a two-year lease of a store. Plaintiff thereupon incurred expenses in procuring fixtures for the premises. In the opinion of the Court of Appeals, since the contract would have been void under the Statute of Frauds, the plaintiff would have gained nothing even if the representation had been true. Therefore, he was not injured by the false statement. The court noted (p 499) that "[t]here may be moral wrong in refusing to perform such a contract; but the policy of the statute was protection against false claims, supported by perjury; and the hardship of a particular case should not lead to a decision which would disturb the principle upon which the statute is founded." Citing the decision in *Dung v Parker* (*supra*), the court in *Club Chain of Manhattan v Christopher & Seventh Gourmet* (74 AD2d 277, 284) declared that "the principle has been stated that a lease void under the Statute of Frauds cannot be used as the predicate for an action in fraud". The reason for this, the court concluded (pp 285-286), was that the plaintiff should not "be permitted to do indirectly what it cannot accomplish directly, that is, recover for the breach of an oral promise to lease for a period in excess of one year." Notwithstanding plaintiff's assertion that Alanthus' damages are in no way measured by the terms of the contemplated lease agreement, the fact is that plaintiff received nothing more from defendant than a simple representation of a future intention to lease. That alone is scarcely sufficient basis to support a cause of action founded in fraud and deceit and does, in effect, amount to an attempt to enforce the lease. As to the cause of action pleading slander, a vague and conclusory allegation that defendant has falsely stated in the business community at large that Alanthus was unable to perform its duties under the contemplated lease agreement does not meet the minimum requirements of CPLR 3013 and 3016 (subd [a]). Under these circumstances, discovery would constitute nothing more than a fishing expedition. Consequently, Special Term should have granted defendant's motion to dismiss the complaint. Concur — Sandler, J. P., Carro, Fein, Milonas and Kassal, JJ.