■ NIKOLA USKOKOVIC, Appellant, v MILAN RADUNOVICH, Respondent.—In an action, *inter alia,* for specific performance of an oral contract for the sale of real property, the plaintiff appeals from a judgment of the Supreme Court, Putnam County (Benson, J.), dated June 17, 1985, which, after a nonjury trial, *inter alia,* is in favor of the defendant and against him.

Ordered that the judgment is reversed, on the law and the facts, with costs, and the plaintiff is awarded the remedy of specific performance of the contact for the sale of property known as 38-40 Newport Road, Patterson, New York, and the defendant is directed to convey to the plaintiff his interest in that property within 30 days after service upon him of a copy of this decision and order, with notice of entry.

The Statute of Frauds will not be a bar to specific performance of an oral contract for the sale of real property where it has been demonstrated that there has been partial performance of the alleged agreement which is "unequivocally referable" to the agreement *(see,* General Obligations Law § 5-703 [4]; *Burns v McCormick,* 233 NY 230, 232; *Roberts v Fulmer,* 301 NY 277, *rearg denied* 301 NY 778). The plaintiff's part performance, which was in reliance on the parties' agreement, was substantial. The plaintiff paid the defendant the purchase price and obtained the defendant's deed to the property as a symbol of ownership. Thereafter, he acquired two lots adjacent to the property and obtained a survey of the property enabling him to procure a building permit which was essential to a legal renovation of the fire-damaged structure which stood on the property. Prior to the commencement of this action, the plaintiff expended a great deal of labor and money in reconstructing the house, lived on the property and

for five years paid the property taxes. These acts are inexplicable without reference to the alleged oral agreement, and, taken together, constitute part performance "unequivocally referable" to the oral agreement. Thompson, J. P., Lawrence, Kunzeman and Sullivan, JJ., concur.