■ BRUCE E. LILLING et al., Respondents, v DAVID SLAUENWHITE et al., Defendants, and THOMAS GELARDO et al., Appellants.—In an action to recover damages for breach of contract and fraud, the defendants Michael Malagiero, Thomas Gelardo and TDM Associates appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered October 27, 1987, which denied their motion to dismiss the complaint as against them for failure to state a cause of action and for summary judgment.

Ordered that the order is modified by granting those branches of the motion which were to dismiss the first cause of action for failure to state a cause of action and for summary judgment dismissing the second cause of action and thereupon dismissing the complaint as against the appellants; as so modified, the order is affirmed, with costs to the appellants.

In February 1986 the plaintiffs began negotiating with David Slauenwhite for the construction of a house on property he allegedly owned in Lewisboro, New York. Slauenwhite informed the plaintiffs that he already had a building permit. The plaintiffs advised Slauenwhite that they desired to place the house in a particular position on the property which would require moving the location of septic fields. Slauenwhite informed them that such a change would require the issuance of a new building permit. On or about March 11, 1986, the plaintiffs and Slauenwhite orally agreed that he would construct a house for them on his property at a cost of $375,000. This agreement was "memorialized" in a letter dated March 13, 1986, which the plaintiffs sent to Slauenwhite. Thereafter the plaintiffs engaged the services of an engineer to inspect the property and relocate the septic fields. They also applied for a building permit. On April 14, 1986, the plaintiffs met Slauenwhite and his partner, the defendant Thomas Gelardo, at the office of architect John Gnerie to "finalize" plans for the house. On or about June 12, 1986, a building permit was issued to the plaintiffs. On June 19, 1986, Slauenwhite advised the plaintiffs that he had been "bought out" by Gelardo and the defendant Michael Malagiero and they would not be building the house as planned.

The plaintiff then commenced this action to recover damages for breach of contract and fraud against various defendants including Malagiero, Gelardo and TDM Associates, a partnership apparently composed of Slauenwhite, Malagiero and Gelardo. The defendants Malagiero, Gelardo and TDM Associates moved to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7) and for summary judgment on the ground that no contract existed sufficient to satisfy General Obligations Law § 5-703. The Supreme Court denied the motion because "evidence of seeming reliance and partial performance * * * may take the underlying transaction outside the Statute of Frauds".

In this case the plaintiffs contend that not only was there partial performance, but in addition, their letter of March 13, 1986, constituted a memorandum of the contract pursuant to General Obligations Law § 5-703 (3). However this argument is totally without merit since this letter is not "subscribed by the party to be charged" (General Obligations Law § 5-703 [3]), namely the appellants. Moreover the partial performance upon which the plaintiffs rely to take the transactions outside the statute is not "unequivocally referable" to the purported contract (see, General Obligations Law § 5-703 [4]; *Jonestown Place Corp. v 153 W. 33rd St. Corp.*, 53 NY2d 847, 849). Their actions in hiring an engineer and securing a building permit were merely "preliminary steps which contemplate[d] the future formulation of an agreement" *(Francesconi v Nutter,* 125 AD2d 363, 364; *see also, Cooper v Schube,* 86 AD2d 62, 67-68, *affd* 57 NY2d 1016; *cf., Uskokovik v Radunovich,* 127 AD2d 830).

The plaintiffs' claim of fraud should have been dismissed for failure to state a cause of action. The record reveals that the plaintiffs' fraud action is based on the appellants' alleged misrepresentations as to their intentions to fulfill the contract for the construction of a house. Where a contract is itself void under the Statute of Frauds it cannot be used as a predicate for an action in fraud *(see, Dung v Parker,* 52 NY 494, 496; *Alanthus Corp. v Travelers Ins. Co.,* 92 AD2d 830; *Club Chain v Christopher & Seventh Gourmet,* 74 AD2d 277; *cf., Steinberg v Universal Machinenfabrik GMBH,* 24 AD2d 886, *affd* 18 NY2d 943). "Whatever the form of the action at law may be, if the proof of a promise or contract, void by the [S]tatute [of Frauds] is essential to maintain it, there can be no recovery" *(Dung v Parker, supra,* at 497). Bracken, J. P., Rubin, Sullivan and Balletta, JJ., concur.