■ WINGS ASSOCIATES, INC., Appellant, v WARNACO, INC., Respondent. [703 NYS2d 711] —Order, Supreme Court, New York County (Barry Cozier, J.), entered May 27, 1999, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

In this action to recover a brokerage commission, it is undisputed that the parties' original agreement was validly terminated prior to the contact that led to the subject sale and that any other agreement between the parties for the payment of a brokerage commission with respect to that sale would be governed by the Statute of Frauds (General Obligations Law § 5-701 [a] [10]). Accordingly, plaintiff broker's claims based on an agreement allegedly entered into subsequent to the parties'

original agreement are barred since plaintiff has not alleged in connection with the alleged subsequent agreement the existence of some writing evidencing defendant's intention to be bound (*cf.*, *McCormack v Grumman Am. Aviation Corp.*, 111 AD2d 2, 3-4). Since the alleged agreement is void by reason of the Statute of Frauds, plaintiff cannot use the same alleged promise as a basis for a cause of action sounding in quantum meruit (*see*, *Bradkin v Leverton*, 26 NY2d 192, 199) or in tort (*see*, *Lilling v Slauenwhite*, 145 AD2d 471, 472). We have considered plaintiff's remaining arguments as to the adequacy of its complaint and find them unavailing. Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.