STEVEN J. SOLOMON, Appellant, v URBAN DENTAL MANAGEMENT, INC., et al., Respondents. [834 NYS2d 222]—

In an action, inter alia, to recover damages for breach of an employment contract, and for a judgment declaring that the plaintiff is entitled to continued receipt of annual bonus pay-

ments in the sum of 50% of the profits of the defendant Everest Dental Partners, P.C., the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered January 18, 2006, as granted those branches of the defendants' motion which were for summary judgment dismissing the first cause of action alleging breach of contract, and on the fourth cause of action declaring, in effect, that the plaintiff is not entitled to continued receipt of annual bonus payments in the sum of 50% of the profits of the defendant Everest Dental Partners, P.C.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the plaintiff is not entitled to continued receipt of annual bonus payments in the sum of 50% of the profits of the defendant Everest Dental Partners, P.C.

The plaintiff, Steven J. Solomon, was one of six shareholders and five directors of the defendant Urban Dental Management, Inc. (hereinafter the company). From the company's inception in 1995, Solomon served as its president and chief executive, and was responsible for its day-to-day operations. Beginning in 1998, the company's board of directors (hereinafter the board) and Solomon began to negotiate an employment contract so that Solomon's obligations and duties would be memorialized and certain. At least eight drafts were prepared, but none were executed.

According to minutes personally prepared by Solomon, but not officially prepared by the company's corporate secretary, the board voted at a meeting on April 5, 2000 to abide by the provisions of the draft "in its current iteration" (hereinafter the draft agreement) until such time as a final agreement could be signed. The unsigned draft agreement that Solomon claims was approved by the board states that it shall be effective as of January 1, 1999 for a term of 20 years, unless terminated pursuant to the provisions set forth therein. Section 4.2 of the draft agreement provided that the board could terminate Solomon's employment if, inter alia, the board found that the company had not been profitable for two consecutive months, or the board chose to cease business operations.

Solomon received an annual salary from the commencement of his employment through the year 2003 and a bonus each year through 2002. On February 4, 2004, however, the board passed resolutions stripping Solomon of many of his responsibilities, and stating that he "shall . . . not take or receive from the

Company any money, bonus [or] distribution . . . other than his weekly salary."

Solomon commenced this action seeking, inter alia, damages for breach of an alleged employment agreement on the ground of constructive termination from employment. These damages included the bonus he claims he was owed for the calendar year 2003 pursuant to the draft agreement. He also sought a judgment declaring, inter alia, that he was entitled to the continued receipt of annual bonus payments in the sum of 50% of the profits of the defendant Everest Dental Partners, P.C., allegedly pursuant to the terms of the employment agreement.

The Supreme Court correctly determined that the draft agreement upon which the plaintiff relies was incapable of performance within one year, and its enforcement therefore was barred by the statute of frauds (*see* General Obligations Law § 5-701 [a] [1]). While it is true that the enforcement of contracts whose terms unconditionally allow either party to terminate the contract within one year are not barred by the statute of frauds (*see North Shore Bottling Co. v Schmidt & Sons*, 22 NY2d 171 [1968]; *Blake v Voigt*, 134 NY 69 [1892]), the draft agreement, by its terms, may only rightfully be terminated by the board within one year if the company has not been profitable for two consecutive months. Further, the draft agreement provides that if Solomon, in the face of these financial conditions, nonetheless notified the board that he wished to return the company to profitability, the board is only authorized to terminate its contractual obligations to Solomon if Solomon failed to return the company to profitability within six months. Failing that, the board could unilaterally choose to cease business operations entirely. Only under these limited circumstances would the board have no obligation to Solomon beyond one year. The contingencies allowing the board to terminate the contract within one year are contingencies that would frustrate the purpose of the contract and, therefore, termination within one year would not constitute performance, but rather, destruction of the contract (*see Radio Corp. of Am. v Cable Radio Tube Corp.*, 66 F2d 778, 784 [1933]; *Jillcy Film Enters., Inc. v Home Box Off., Inc.*, 593 F Supp 515, 518-519 [1984]; *see also Cohen v Bartgis Bros. Co.*, 264 App Div 260, 261-262 [1942], *affd* 289 NY 846 [1943]; *One Tel., Inc. v One Fifth Ave. Operating Corp.*, 206 Misc 1090, 1092 [1954], *affd* 1 AD2d 819 [1956]).

Hence, the draft agreement is not an agreement which may be performed within one year, and was required to have been executed by the company in order to be enforceable. Because it

was not, the Supreme Court correctly determined that it could not enforce the terms of the draft agreement against the company or its affiliates.

Solomon's remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the plaintiff is not entitled to the continued receipt of bonus payments in the sum of 50% of the profits of the defendant Everest Dental Partners, P.C. (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Santucci, J.P., Krausman, Lifson and Dillon, JJ., concur.