■ STEVEN SOLOMON, Appellant, v URBAN DENTAL MANAGE-MENT, INC., et al., Respondents. [867 NYS2d 333]—In an action, inter alia, to recover damages in quantum meruit for services rendered, the plaintiff appeals (1) from so much of a judgment of the Supreme Court, Westchester County (Rudolph, J.), entered December 21, 2006, as, upon an order of the same court dated December 4, 2006, granting that branch of the defendants' motion which was to dismiss the second through seventh causes of action in the third amended complaint, and upon a jury verdict, is in favor of the defendants Urban Dental Manage-ment, Inc., and Urban Dental Management IPA, Inc., and against him on the counterclaims to recover damages for breach of fiduciary duty in the principal sum of $1,381,680.55, and (2) from an order of the same court dated April 2, 2007, which denied his motion pursuant to CPLR 4404 (a) to set aside or reduce the jury's award of damages on the counterclaims.

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff Steven Solomon was one of six shareholders and five directors of the defendant Urban Dental Management, Inc. (hereinafter the company). He also served as the company's president and chief executive officer from its inception in the mid-1990's and was responsible for its day-to-day operations. After the board of directors passed resolutions in 2004 stripping him of many of his responsibilities and stating that he shall not receive any bonus or distribution from the company other than his weekly salary, Solomon commenced this action seeking, inter alia, damages for breach of an alleged employment contract. The defendants asserted counterclaims against Solomon, among other things, to recover damages for breach of fiduciary duty. On a prior appeal, this Court affirmed insofar as appealed from an order which, inter alia, granted the defendants' motion for

summary judgment, among other things, dismissing the first cause of action alleging breach of contract on the ground that the alleged agreement was incapable of performance within one year and did not satisfy the statute of frauds (*see Solomon v Urban Dental Mgt., Inc.*, 39 AD3d 529 [2007]). That prior order also granted Solomon's cross motion for leave to amend the complaint to add a cause of action to recover damages in quantum meruit for services rendered in 2003. While the prior appeal was pending, the Supreme Court granted Solomon's motion for leave to amend the complaint to add new causes of action alleging, inter alia, breach of contract and fraud, based on the same alleged employment agreement that was at issue in the prior appeal. In an order dated December 4, 2006, the Supreme Court granted that branch of the defendants' motion which was to dismiss the second through seventh causes of action in the third amended complaint, leaving the cause of action to recover damages in quantum meruit as Solomon's only remaining cause of action. After a jury trial, a judgment was entered, among other things, in favor of the defendants and against Solomon on their counterclaims to recover damages for breach of fiduciary duty in the principal sum of $1,381,680.55.

Contrary to Solomon's contention, the Supreme Court properly granted the defendants' motion to dismiss the newly-asserted causes of action (*see Brownrigg v New York City Hous. Auth.*, 29 AD3d 721 [2006]; *Lilling v Slauenwhite,* 145 AD2d 471, 472 [1988]; *Alanthus Corp. v Travelers Ins. Co.*, 92 AD2d 830, 830-831 [1983]; *Club Chain of Manhattan v Christopher & Seventh Gourmet,* 74 AD2d 277, 284-286 [1980]). Also contrary to Solomon's contention, the jury's damages award on the counterclaims to recover damages for breach of fiduciary duty was based on a fair interpretation of the evidence (*see Gibbs v Breed, Abbott & Morgan,* 271 AD2d 180, 189 [2000]; *Wolf v Rand,* 258 AD2d 401, 402-403 [1999]; *Nicastro v Park,* 113 AD2d 129, 134-137 [1985]).

Solomon's remaining contentions are without merit. Fisher, J.P., Santucci, Angiolillo and McCarthy, JJ., concur.