■ PAUL KOCOUREK, Appellant, v BOOZ ALLEN HAMILTON INC. et al., Respondents. [900 NYS2d 1]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered July 2, 2009, which, to the extent appealed

from, granted so much of defendants' motion to dismiss the first and second causes of action of the complaint, unanimously affirmed, without costs.

Plaintiff, an officer employed by the corporate defendants, alleged that the latter promised that the "shadow stock" he received would provide him with benefits equivalent to those provided by the common stock he also received as a corporate officer. According to plaintiff, defendants allegedly "forced" him to redeem the shadow stock shortly after his retirement, and he thereby was injured because he otherwise would have held the shadow stock and profited greatly when, 16 months after his retirement, the company sold a portion of its business to the Carlyle Group for $2.54 billion. It is undisputed, however, that the common stock could not be redeemed for two years after retirement, and thus plaintiff necessarily is contending that defendants breached an agreement not to redeem his shadow stock until he had been retired for two years. That agreement, however, is one which by its very terms has no possibility of being performed within one year (*Huebener v Kenyon & Eckhardt*, 142 AD2d 185 [1988]). Accordingly, the absence of a writing violates the statute of frauds, rendering the alleged oral promise as to stock redemption unenforceable.

The unjust enrichment claim was also properly dismissed, as litigants may not use such a claim to evade New York's statute of frauds (*see J.E. Capital v Karp Family Assoc.*, 285 AD2d 361, 362 [2001]).

Plaintiff's request for leave to replead, made for the first time on appeal, is unsupported by facts that would correct deficiencies in the pleadings and thereby render his claims actionable (*see e.g. Ceres v Shearson Lehman Bros.*, 227 AD2d 222 [1996]) in light of the statute of frauds.

We have considered plaintiff's remaining arguments on appeal and find them unavailing. Concur—Friedman, J.P., Catterson, McGuire, Acosta and Renwick, JJ.