■ SHEKHAR BASU, Respondent, v ALPHABET MANAGEMENT LLC et al., Appellants. [8 NYS3d 273]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered July 10, 2014, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing the causes of action for breach of contract and unjust enrichment, unanimously modified, on the law, to grant the motion as to the breach of contract and unjust enrichment causes of action relating to the alleged private investment in public entities (PIPE) agreement and PIPE transactions and as to the breach of contract cause of action relating to the alleged Garnock agreement as against all defendants except Alphabet Management, and otherwise affirmed, without costs.

The court correctly found that the claimed oral agreements are not as a matter of law unenforceable for indefiniteness, since there may exist an objective method for supplying the missing terms needed to calculate the alleged compensation owed plaintiff (*see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88 [1991]; *Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 483 [1989], *cert denied* 498 US 816 [1990]).

As the court found, General Obligations Law § 5-701 (a) (1) does not bar the breach of contract claim. However, defendants may raise General Obligations Law § 5-701 (a) (10) for the first time on appeal, since it is "a legal argument which appeared upon the face of the record and which could not have been avoided if raised initially" (*see Chapman, Spira & Carson, LLC v Helix BioPharma Corp.*, 115 AD3d 526, 528 [1st Dept 2014] [internal quotation marks omitted]). That provision requires dismissal of the breach of contract claim insofar as it alleges a breach of the oral PIPE agreement, which involves a claim for compensation for negotiating the purchase of interests in businesses, since plaintiff acknowledged participating in the negotiations by procuring the deals and by performing research and analysis that determined for defendants the value of pursuing the deals (*see JF Capital Advisors, LLC v Lightstone Group, LLC*, 115 AD3d 591 [1st Dept 2014]). The unjust enrichment claim relating to the PIPE transactions must therefore also be dismissed (*see Snyder v Bronfman*, 13 NY3d 504 [2009]; *Kocourek v Booz Allen Hamilton Inc.*, 71 AD3d 511 [1st Dept 2010]).

The breach of contract and unjust enrichment claims relating to the alleged Garnock agreement are not barred by the

statute of frauds. Nor should the unjust enrichment claim be dismissed as duplicative of the contract claim since there remains a bona fide dispute as to the existence of that contract (*see Curtis Props. Corp. v Greif Cos.*, 236 AD2d 237 [1st Dept 1997]). However, as plaintiff does not dispute, the breach of contract claim relating to the alleged Garnock agreement should be dismissed as against all defendants except Alphabet Management LLC, the party to the alleged oral agreements. Material issues of fact whether all defendants were unjustly enriched in connection with the alleged Garnock agreement precludes summary dismissal of the unjust enrichment claim as against any defendant. Concur—Gonzalez, P.J., Mazzarelli, Saxe, Manzanet-Daniels and Clark, JJ.