■ Alexander Komolov et al., Appellants, v David Segal et al., Respondents. [42 NYS3d 94]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered July 1, 2015, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiffs seek injunctive relief and damages in connection with defendants' alleged sale of counterfeit art, theft of paintings, and failure to pay the balance owed for the purchase of a condominium.

The motion court properly dismissed plaintiffs' claims for unjust enrichment, conversion, and fraudulent misrepresentation in connection with the sales of allegedly counterfeit art. These quasi-contractual and tort claims were duplicative of underlying, unenforceable contractual claims and thus constituted an impermissible attempt to circumvent the statute of frauds (*see Komolov v Segal*, 117 AD3d 557 [1st Dept 2014] [unjust enrichment]; *Kocourek v Booz Allen Hamilton Inc.*, 71 AD3d 511, 512 [1st Dept 2010] [same]; *Priolo Communications v MCI Telecom. Corp.*, 248 AD2d 453, 454 [2d Dept 1998] [conversion]; *Massey v Byrne*, 112 AD3d 532, 533-534 [1st Dept 2013] [fraud]; *see also generally Dung v Parker*, 52 NY 494, 497 [1873]; *Wings Assoc. v Warnaco, Inc.*, 269 AD2d 183, 184 [1st Dept 2000], *lv denied* 95 NY2d 759 [2000]; *Lilling v Slauenwhite*, 145 AD2d 471, 472 [2d Dept 1988]).

The motion court likewise properly dismissed plaintiffs' claims for conversion in connection with the alleged theft of paintings from plaintiffs' office. "Two key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights" (*Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 50 [2006] [citations omitted]). Plaintiffs failed to submit evidence sufficient to raise a triable issue of fact with respect to defendants' "dominion over" or "interference with" the painting alleged to be by Pablo Picasso and with respect to plaintiffs' "possessory right or interest" in the painting alleged to be by Maurice Vlaminck.

We respectfully decline plaintiffs' suggestion, at the motion court's invitation, that we reconsider our prior order finding that plaintiffs were precluded from relitigating their breach of contract claim in connection with the purchase of the condominium (96 AD3d 513 [1st Dept 2012]). In a prior action, that claim was dismissed on the merits for noncompliance with the statute of frauds and plaintiffs allowed that determination to become final without taking an appeal. Although the written purchase agreement was subsequently discovered, plaintiffs did not move to renew in the prior action (CPLR 2221) and have never sought to be relieved from the judgment in the prior action based on newly discovered evidence (CPLR 5015 [a] [2]), and we decline to revisit the prior order in this new action. Concur—Renwick, J.P., Moskowitz, Kapnick, Kahn and Gesmer, JJ.