Botanical Realty Assoc. Urban Renewal, LLC v Gluck (2020 NY Slip Op 00099)





Botanical Realty Assoc. Urban Renewal, LLC v Gluck


2020 NY Slip Op 00099


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-11617
 (Index No. 504861/18)

[*1]Botanical Realty Associates Urban Renewal, LLC, et al., respondents, 
v
Joel Gluck, appellant.


Katsky Korins LLP, New York, NY (Elan R. Dobbs and Mark Walfish of counsel), for appellant.
Law Offices of David Fleischmann P.C., Brooklyn, NY (Mark S. Halpern, pro hac vice, and Michael B. Ershowsky of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated September 13, 2018. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
In 2010, the plaintiffs Botanical Realty Associates Urban Renewal, LLC, Jar Holdings Urban Renewal, LLC, and 125 Monitor Realty, LLC, executed a note in the amount of $2,000,000 in favor of Clarkson Realty, LLC (hereinafter Clarkson Realty). The note was secured by a mortgage on property located in Jersey City, New Jersey. In 2013, Clarkson Realty commenced an action to foreclose the mortgage. Thereafter, the foreclosure action was settled for $3,200,000.
In 2018, the plaintiffs commenced this action against the defendant, a member of Clarkson Realty. The complaint alleged that contemporaneously with executing the note and mortgage, the plaintiffs and the defendant entered into an oral agreement providing, inter alia, that in exchange for assigning a contract to purchase certain real property to the defendant, the plaintiffs would be responsible for paying only the interest on the loan. The complaint, which asserted causes of action sounding in breach of contract, fraud, and unjust enrichment, sought, among other things, recovery of the settlement amount paid by the plaintiffs in the foreclosure action, less the amount of interest allegedly due pursuant to the oral agreement. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court denied the motion, and the defendant appeals.
Accepting the facts as alleged in the complaint as true, and according the plaintiffs the benefit of every possible inference, dismissal of the breach of contract cause of action should have been granted, since enforcement of the alleged oral agreement, ostensibly to modify the note and mortgage, is barred by the statute of frauds (see General Obligations Law §§ 5-703[1]; 5-1103; Weiss v Halperin, 149 AD3d 1143, 1145; North Bright Capital, LLC v 705 Flatbush Realty, LLC, 66 AD3d 977, 978; Chemical Bank v Broadway 55-56th St. Assoc., 220 AD2d 308, 309). Dismissal [*2]of the causes of action alleging fraud and unjust enrichment should also have been granted as they are duplicative of the unenforceable contractual cause of action and thus constitute an impermissible attempt to circumvent the statute of frauds (see Komolov v Segal, 144 AD3d 487, 488; Kocourek v Booz Allen Hamilton Inc., 71 AD3d 511, 512; J.E. Capital v Karp Family Assoc., 285 AD2d 361, 362).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court