Razzak v Juno, Inc. (2021 NY Slip Op 03153)





Razzak v Juno, Inc.


2021 NY Slip Op 03153


Decided on May 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 18, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 656428/19 Appeal No. 13853 Case No. 2019-01640 

[*1]Mohammed Razzak et al., Plaintiffs-Appellants-Respondents,
v
Juno, Inc., et al., Defendants-Respondents-Appellants, Juno USA, LP, et al., Defendants.


Law Office of Mohammed Gangat, New York (Mohammed Gangat of counsel), for appellants-respondents.
Akerman LLP, New York (Jeffrey A. Kimmel of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about January 25, 2019, which, insofar as appealed from as limited by the briefs, granted defendants Juno Inc. and Talmon Marco's motion to dismiss the first, second, sixth and tenth causes of action and denied that part of the motion to dismiss the fifth cause of action for unjust enrichment/quasi contract, unanimously modified, on the law, to dismiss the fifth cause of action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against Juno Inc. and Talmon Marco.
The court correctly dismissed the fraudulent inducement cause of action, as the allegations of damages from the fraud are too conclusory to sustain the claim. The court also correctly dismissed the cause of action for false advertising/deceptive business practices directed at drivers, as it includes only conclusory allegations of actual damages and injury, in amounts yet to be determined, caused by defendants' purported deceptive acts and practices (see Smith v Chase Manhattan Bank USA, 293 AD2d 598, 599 [2d Dept 2002]). Further, plaintiffs lack standing to assert the sixth cause of action, for false advertising/deceptive business practices directed at Juno's passengers, and plaintiffs' allegations are not sufficient to allege the "special or privity-like relationship" needed to state a claim for negligent misrepresentation (see Silvers v State of New York, 68 AD3d 668, 669 [1st Dept 2009], lv denied 15 NY3d 705 [2010]).
However, the order is modified to dismiss the fifth cause of action, for quantum meruit/unjust enrichment/quasi contract. The claim, which alleges that defendants agreed to compensate plaintiffs with equity over the course of a 10-year period, is barred by the statute of frauds (General Obligations Law § 5-701[a][1]; Kocourek v Booz Allen Hamilton Inc., 71 AD3d 511 [1st Dept 2010]), and the allegations, which relate to the breach of an oral agreement, are not a proper basis for a quantum meruit/quasi contract claim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2021