| **S.S. v Hartman** |
|:---:|
| 2025 NY Slip Op 34517(U) |
| December 8, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152588/2024 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**  PART  33M

Justice

-----------------------------------------------------------------------X

S. S.

Plaintiff,

- v -

MAX HARTMAN,

Defendant.

-----------------------------------------------------------------------X

| INDEX NO. | 152588/2024 |
| --- | --- |
| MOTION DATE | 06/10/2025 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50

were read on this motion to/for _____DISMISSAL_____.

Upon the foregoing documents, and after a final submission date of September 29, 2025, Defendant Max Hartman's ("Defendant") motion to dismiss Plaintiff S.S.'s ("Plaintiff") Amended Complaint pursuant to CPLR 3211(a)(5) and (a)(7) is granted in part and denied in part.

### I.    Background

This is an action between two former romantic partners who once shared an apartment. Plaintiff sues Defendant under numerous causes of action, including intentional infliction of emotional distress, breach of contract, unjust enrichment, and violations of New York Civil Rights Law §§ 52-b and 79-n, and New York City's Victims of Gender Motivated Violence Protection Act. Defendant seeks dismissal of Plaintiff's Amended Complaint pursuant to CPLR 3211(a)(7).

### II.    Discussion

#### A. Standard

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v*

**152588/2024  S., S. vs. HARTMAN, MAX**
Motion No.  003

Page 1 of 8

[* 1]

*Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). On a motion to dismiss based on the statute of limitations, a party seeking the benefit of the statute of limitations "must establish, prima facie, that the time within which to sue has expired" (*Mandour v Rafalsky*, 238 AD3d 637, 637 [1st Dept 2025]). Once this burden is met, the burden shifts to the side seeking to avoid the statute of limitations to raise an issue of fact (*Stringer v Kim*, 226 AD3d 607 [1st Dept 2024]).

### B. Breach of Contract & Unjust Enrichment

Defendant's motion to dismiss Plaintiff's claims for breach of contract and unjust enrichment is denied. Defendant claims Plaintiff failed to allege a binding and enforceable agreement. In the Amended Complaint, and in her affidavit in opposition to Defendant's motion, Plaintiff alleges that the parties had an agreement that she would make rent payments on the parties' lease from 2019 until February 2021 due to Defendant's cash being seized due to his alleged legal issues, and in exchange Defendant agreed that in 2021, when his legal issues "quieted down" he would begin paying the parties' rent in full (NYSCEF Docs. 43 at ¶¶ 9-12 and 45 at ¶¶ 192-194). Accepting the alleged facts as true, Defendant performed according to this agreement and began paying the entire rent and later threatened to reverse the payments on six months of rent (which was allegedly paid using cryptocurrency) totaling $60,000 as an alleged means to threaten and to manipulate Plaintiff (NYSCEF Doc. 45 at ¶¶ 88-89; 96; 100). Given the alleged partial performance, and the specific and definite terms – mainly, that if Plaintiff paid the rent for some years, Defendant would pay for the entire rent in subsequent years, Plaintiff alleged a sufficiently specific oral agreement for purposes of a pre-answer motion to dismiss (*see, e.g. Renk v Renk*, 188 AD3d 502, 504 [1st Dept 2020]).

Defendant's argument that there was no consideration alleged is without merit as Plaintiff allegedly sacrificed the time value of her money by paying for the entirety of the couple's rent for

**152588/2024  S., S. vs. HARTMAN, MAX**
**Motion No.  003**

Page 2 of 8

2 of 8

[* 2]

years, and Defendant was allowed to live in the apartment for years without paying rent. Defendant's statute of frauds argument also fails because Plaintiff alleges partial performance – namely she paid the rent in full for years, followed by Defendant assuming the obligation to pay the rent in full in subsequent years. Given these allegations, whether the parties' behavior constitutes partial performance of an oral agreement and takes the alleged agreement out of the statute of frauds cannot be determined on a pre-answer motion to dismiss (*see Benn v Benn*, 82 AD3d 548, 549 [1st Dept 2011]). Moreover, because there is a bona fide dispute as to the existence of a valid and enforceable contract, Plaintiff is entitled to plead unjust enrichment in the alternative (*see Basu v Alphabet Management LLC*, 127 AD3d 450, 450 [1st Dept 2015]).

### C. Intentional Infliction of Emotional Distress

Defendant's motion to dismiss Plaintiff's intentional infliction of emotional distress claim is denied. Defendant first argues this claim cannot be asserted between spouses and therefore fails. However, Plaintiff alleges the parties were never legally married, and Defendant himself, through his counsel in prior Court submissions, represented the parties were never married (*see* NYSCEF Doc. 49). Thus, Defendant's argument that there can be no intentional infliction of emotional distress claim because the parties were married is unavailing.

Defendant also argues that the alleged acts are barred by the statute of limitations. However, given the years long campaign of alleged harassment, which included: text messages from 2018 indicating Defendant forbade Plaintiff from eating until she had sex with him; an episode in 2020 where Defendant allegedly forced Plaintiff to have sex with him as she had a panic attack, hyperventilated, and cried; an episode in June of 2021 where Plaintiff was allegedly forced to perform oral sex on Defendant to teach her "a lesson"; another alleged rape on July 10, 2022; Defendant sleeping with other women in the parties' apartment while Plaintiff attempted to sleep

152588/2024  S., S. vs. HARTMAN, MAX                                      Page 3 of 8
Motion No. 003

3 of 8

in the couple's bed mere feet away; hiding a camera in the parties' shared apartment and taking intimate photos of Plaintiff without her knowledge throughout 2023; reversing rent payments in retaliation for Plaintiff calling the police on Defendant; repeatedly sending Plaintiff messages post-separation referencing the parties' prior relationship, including a message on January 8, 2024 referencing secrete sexual video recordings; and allegedly paying an attorney to contact Plaintiff's father in reference to the sexual video recordings (NYSCEF Doc. 45 at ¶¶ 53; 65; 68; 76-79; 94-100; 123; 127).

These very detailed allegations, which allege a continuous campaign of tortious conduct extending into the one-year period immediately preceding the commencement of this action, create an issue of fact as to the application of the statute of limitations which cannot be resolved on a pre-answer motion to dismiss (*see Silverman v Park Towers Tenants Corp.*, 206 AD3d 417, 418 [1st Dept 2022]; *Shannon v MTA Metro-N. R.R.*, 269 AD2d 218, 219 [1st Dept 2000]; *Ain v Glazer*, 257 AD2d 422, 423 [1st Dept 1999]).

### D. New York Civil Rights Law § 52-b

Defendant's motion to dismiss Plaintiff's cause of action alleging a violation of New York Civil Rights Law § 52-b (also known as New York's "Revenge Pornography" statute) is denied. Defendant's main argument for dismissal of this claim is that no where is it alleged that Defendant disseminated or threatened to disseminate intimate photographs and videos taken of Plaintiff. The statute, in pertinent part, reads:

> "1. Any person depicted in a still or video image, including an image created or altered by digitization, regardless of whether or not the original still or video image was consensually obtained, shall have a cause of action against an individual who, for the purpose of harassing, annoying or alarming such person, disseminated or published, or threatened to disseminate or publish, such still or video image, where such image:

[* 4]

     a. was taken when such person had a reasonable expectation that the image would remain private; and

     b. depicts (i) an unclothed or exposed intimate part of such person; or (ii) such person engaging in sexual conduct, as defined in subdivision ten of section 130.00 of the penal law, with another person; and

     c. was disseminated or published, or threatened to be disseminated or published, without the consent of such person."

Plaintiff has alleged that through a hidden camera in the couple's apartment, Defendant filmed her performing sexual acts on him and others, without her knowledge or consent, and then transferred that video content onto multiple SD cards.[1] Plaintiff further alleges that after the parties acrimonious separation, which included police involvement, Defendant sent Plaintiff a link to an internet discussion board started by a woman sharing her experience of discovering that her boyfriend secretly filmed her perform sexual acts. Plaintiff claims this was a threatening message from Defendant informing her that he had sexual images of Plaintiff, and as this is a pre-answer motion to dismiss, the Court must draw all inferences in Plaintiff's favor – including an inference that Defendant's message was allegedly intended to threaten Plaintiff with the secret films Defendant allegedly took of her.

Moreover, Defendant's transfer of the video onto SD cards may give rise to dissemination, or the threat to disseminate, within the meaning of New York Civil Rights Law § 52-b. As conceded by Defendant, the dictionary definition of dissemination is "[t]he act of spreading, diffusing, or dispersing." The alleged act of taking films and photographs off a hidden camera and transferring them to multiple portable SD cards, which could be brought anywhere and transferred to any other electronic device, may constitute an act of "spreading, diffusing, or dispersing" those films which were previously concentrated in just one device. It also remains an issue of fact as to

---

[1] An SD card is a portable card which can store data including pictures, videos, and files, and can be used to transfer that data onto other electronic devices.

152588/2024  S., S. vs. HARTMAN, MAX
Motion No. 003

Page 5 of 8

whether the data stored on the SD cards were disseminated to other devices or platforms, and if not, whether Defendant had the intent to disseminate. Thus, for purposes of a pre-answer motion to dismiss, the alleged facts meet the criteria of a violation of New York Civil Rights Law § 52-b.

### E. Assault & Battery

Defendant's motion to dismiss Plaintiff's assault & battery cause of action based on the statute of limitations is denied. Pursuant to CPLR 213-c, the Legislature increased the statute of limitations for civil actions based on certain sex crimes, including rape, from five to twenty years. Plaintiff's allegations of multiple episodes where she was allegedly physically forced to perform sexual acts on Defendant against her will makes her assault & battery claims timely pursuant to CPLR 213-c.

### F. Civil Rights Law § 79-n

Defendant's motion to dismiss Plaintiff's Civil Rights Law § 79-n is granted in part and denied in part. This statute allows for a private right of action against any person who intentionally causes physical injury or death to another or subjects a person to conduct that would constitute harassment under section 240.25 of the penal law, in whole or in substantial part because of a belief or perception regarding, amongst other protected characteristics, the gender of that person. The Amended Complaint alleges that Defendant targeted Plaintiff with physical violence, including alleged sexual assaults due to her gender. Therefore, Plaintiff has alleged conduct in violation of Civil Rights Law § 79-n. However, the parties dispute the timeliness of the acts of alleged injury. Neither party disputes a three-year statute of limitations applies pursuant to CPLR 214(2). The alleged sexual assaults on June 2021 and July 2022, are timely alleged violations of Civil Rights Law § 79-n as this action was commenced on March 21, 2024. But the alleged violation which occurred on September 11, 2020 is not timely.

152588/2024 S., S. vs. HARTMAN, MAX
Motion No. 003

Page 6 of 8

6 of 8

[* 6]

While the overall alleged course of conduct may constitute an ongoing campaign of intimidation and manipulation sufficient to invoke the continuing wrong doctrine for purposes of making the intentional infliction of emotional claim timely (*see Silverman v Park Towers Tenants Corp.*, 206 AD3d 417, 418 [1st Dept 2022]) the same is not true for the alleged violations of Civil Rights Law § 79-n, which are discrete episodes of sexual assault, each representing their own violation of the statute. Nor has this Court found, and the parties have not cited, any precedent invoking the continuing wrong doctrine for purposes of making otherwise time barred Civil Rights Law § 79-n violations timely. Therefore, the motion to dismiss the Civil Rights Law § 79-n is granted only to the extent it is predicated on the September 11, 2020 sexual assault, and is otherwise denied.

### G. NYC Victims of Gender Motivated Violence Protection Act

Defendant's motion to dismiss Plaintiff's NYC Victims of Gender Motivated Violence Protection Act is denied. Defendant does not attack the sufficiency of the pleading but merely argues that Plaintiff cited to an outdated section of the statute. Plaintiff admits to this mistake and requests leave to replead to include the correct section of the statute, which is New York City Administrative Code § 10-1104 as opposed to New York City Administrative Code § 8-903. As this is a purely technical defect which may be remedied, the Court denies Defendant's motion to dismiss and orders Plaintiff to, within ten days of entry, serve a Second Amended Complaint referencing the correct section of the New York City Administrative Code. The Court has considered Defendant's remaining arguments and finds them unavailing.

Accordingly, it is hereby,

ORDERED that Defendant's motion to dismiss Plaintiff's Amended Complaint is granted solely to the extent that Plaintiff's alleged violation of Civil Rights Law § 79-n predicated on the

152588/2024  S., S. vs. HARTMAN, MAX
Motion No. 003

Page 7 of 8

7 of 8

alleged sexual assault on Plaintiff dated September 11, 2020 is dismissed, and the remainder of

Defendant's motion is denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a Second

Amended Complaint amending her Complaint solely to correct the reference to an outdated section

of the New York City Administrative Code; and it is further

ORDERED that within twenty days of being served with Plaintiff's Second Amended

Complaint, which may be effectuated via NYSCEF, Defendant shall serve his Answer to Plaintiff's

Second Amended Complaint; and it is further

ORDERED that the parties shall meet and confer immediately and submit a proposed

preliminary conference order to the Court via e-mail to SFC-Part33-Clerk@nycourts.gov, but in

no event shall the proposed order be submitted any later than December 10, 2025; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this

Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 12/8/2025 | | May V Rosado JSC |
|-----------|--|------------------|
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
|------------|-----------------|--------------------------|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

152588/2024   S., S. vs. HARTMAN, MAX
Motion No.  003

Page 8 of 8

8 of 8